IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SOLOMON WILSON,**

        Petitioner,

v.                                                                      Civil Action No. 1:06cv132
                                                                                 (Judge Keeley)

**JOYCE FRANCIS, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on August 31, 2006, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges a decision of the United States Parole Commission ("the Commission"). On November 2, 2006, the respondent filed a response to the petition. The petitioner filed his reply on November 21, 2006. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### II. Factual Background

On October 16, 1985, the Superior Court of the District of Columbia sentenced the petitioner to two concurrent terms of 25 years imprisonment for two counts of assault with intent to kill while armed. Resp't Ex. 1. Shortly thereafter, the petitioner was sentenced to a consecutive term of 30 months imprisonment for a violation of the Bail Reform Act. Id. On September 11, 1987, the Superior Court resentenced the petitioner on his two concurrent 25 year terms. Resp't Ex. 2. The petitioner was then sentenced to a 9-month consecutive term of imprisonment for prison breach.

Resp't Ex. 3.

The petitioner was first paroled from his sentences on February 19, 1993, by the District of Columbia Board of Parole ("the Board"). Resp't Ex. 4. That parole was revoked on August 4, 1994 for non-criminal parole violations and the petitioner was reparoled immediately. Resp't Ex. 5 & 6.

On April 15, 1996, the Board issued a detainer warrant after the petitioner had been arrested for attempted rape in the District of Columbia, and theft in Prince George County, Maryland. Resp't Ex. 7 & 8. On December 5, 1996, the attempted rape charge resulted in a 10-year prison term for assault with a dangerous weapon. Resp't Ex. 9.

On March 30, 1999, the petitioner received an initial parole hearing on the 1996 sentence by the United States Parole Commission.[1] Resp't Ex. 10. At that hearing, the examiner applied the guidelines found at 28 C.F.R. § 2.80 and found that the petitioner had a point score of 8, which indicated parole should not be granted. The examiner also determined that under the guidelines, the petitioner was eligible for parole reconsideration in 18-24 months from the date of his parole eligibility. However, the examiner determined that a departure from the guidelines was warranted and that parole should not be reconsidered until the petitioner had served an additional 60 months. The Commission concurred with the recommendation of the hearing examiner and issued a Notice of Action dated April 20, 1994. Resp't Ex. 12. The Notice of Action informed the petitioner that parole had been denied and he had been continued to a rehearing in February 2004, after the service

---

[1] Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a) ("Revitalization Act"), on August 5, 1998, the United States Parole Commission assumed exclusive jurisdiction over all District of Columbia Code Offenders. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir. 1998). Although the Revitalization Act requires the Commission to follow District of Columbia parole law and regulations, it also authorizes the Commission to amend or supplement the parole regulations of the District of Columbia. See D.C. Code § 24-131(a)(1). The Commission has exercised this authority at 28 C.F.R. §2.70 - § 2.107.

of 60 months.  Id.  The notice also informed the petitioner that such action outside the guidelines was appropriate because he was a more serious risk than his point score indicated.  Id.

On January 6, 2004, the petitioner met with a hearing examiner for purposes of conducting a reconsideration hearing.  Resp't Ex. 13.  However, the petitioner waived that hearing.  Id.

On February 24, 2006, the petitioner completed service of the 10-year sentence he received in 1996.  Resp't Ex. 14.  Thus, he was taken into custody pursuant to the D.C. Board's violator warrant.  Id.

On March 16, 2006, the Commission issued a supplemental warrant, charging the petitioner with assault with a dangerous weapon, rape and theft.  Resp't Ex. 15.  The Commission prepared a pre-hearing assessment on April 18, 2006, analyzing the petitioner's parole eligibility under 28 C.F.R. § 2.80.  Resp't Ex. 16.

On June 19, 2006, the petitioner received a combined initial/dispositional revocation hearing. Resp't Ex. 17.  At that hearing, the examiner applied the parole guidelines found at 28 C.F.R. § 2.80 and determined that the petitioner's total guideline range was 146-176 months to be served before reparole.  Nonetheless, the reviewing examiner disagreed and recommended that the petitioner be continued to a reconsideration date in June of 2009.  Resp't Ex. 18.  The Commission agreed with the reviewing examiner and revoked the petitioner's parole on June 14, 2006.  Resp't Ex. 19.  The Commission also determined that the petitioner was not entitled to credit for time spent on parole and continued him to a reconsideration date in June of 2009.  Resp't Ex. 20.  The petitioner appealed the Commission's decision.  Resp't Ex. 21.  No error was found on appeal and the Commission's decision was affirmed on September 12, 2006.  Resp't Ex. 22 & 23.

### III. Contentions of the Parties

### A. The Petition

In the petition, the petitioner seeks review of the Commission's action for the following reasons:

> (1) the Commission misapplied the parole regulations in making his parole eligibility determination in June of 2006;
>
> (2) he was prejudiced by the use of the wrong guidelines; and
>
> (3) the June 19, 2006, Notice of Action does not comport with the requirements of 18 U.S.C. § 4206(b).

### B. The Respondent's Response

In her response to the petition, the respondent asserts that the petition is due to be denied and dismissed because the petitioner has failed to state a claim for which this Court may grant relief. In particular, the respondent contends:

> (1) to the extent the parole regulations were misapplied, such mistake occurred at the petitioner's 1999 initial parole hearing and that mistake was corrected at the petitioner's parole consideration hearing held in 2006.
>
> (2) the petitioner was not prejudiced by any misapplication of the parole guidelines; and
>
> (3) Section 4206 of Title 18 of the United States Code does not apply to D.C. offenders, and even if it did, the Commission gave the petitioner sufficiently particular reasons for its decision.

### C. The Petitioner's Reply

In his reply, the petitioner contends that the Commission has conceded that it misapplied the parole regulations in his case. Morever, the petitioner contends that even if the error was merely one of omission, it was nonetheless a violation of the Commission's procedural rules and entitled to consideration by the court. The petitioner further contends that the Commission's correction of this error as his 2006 parole consideration hearing was insufficient. Thus, the petitioner requests that

the Commission be ordered to act in accordance of the applicable rules.

## IV. Analysis

A court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. Garcia v. Neagle. 660 F. 2d 983, 989 (4th Cir. 1981). Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va.. 2003). Nonetheless, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id. See also Gruber v. United States Parole Commission, 792 F. Supp. 42 (N.D. W.Va. 1992).

### A. Ground One - Misapplication of the Parole Regulations

In the petition, the petitioner argues that the Commission misapplied the parole regulations in making his parole eligibility determination in June of 2006. According to the petitioner, by June of 2006, he had fully served the 10-year sentence imposed in 1996. Thus, at the time of his 2006 parole consideration hearing, he was only in custody on the D.C. parole violator warrant. Therefore, the petitioner asserts that the Commission should have held a dispositional revocation hearing rather than a D.C. combined Initial Disposition Revocation Hearing, and should have applied the parole guidelines found at 28 C.F.R. § 2.21, rather than the guidelines found at 28 C.F.R. § 2.80. Had the Commission conducted the appropriate hearing, and applied the correct guideline provision, the petitioner asserts he would have rated a category five and his parole guideline range would have been 60 to 72 months, not 146 to 176 months as the Commission found. Thus, the petitioner seeks an order directing the Commission to act in accordance with its own rules.

In the response, the respondent concedes that the Commission committed a procedural error.

However, the respondent asserts that the error did not occur at the petitioner's 2006 hearing, but rather, at the petitioner's initial hearing in 1999. Thus, the respondent asserts that the Commission's actions in 2006 merely corrected the error made in 1999, and do not violate the Commission's rules or regulations. Thus, because any error has already been corrected, the respondent argues that the Court us unable to grant the petitioner further relief.

Title 28, section 2.81 of the Code of Federal Regulations, sets forth the guidelines the Commission must follow in making reparole decisions for D.C. offenders. Section 2.81 reads as follows:

> (a) If the prisoner is not serving a new, parolable D.C. Code sentence, the Commission's decision to grant or deny reparole on the parole violation term shall be made by reference to the reparole guidelines at § 2.21. The Commission shall establish a presumptive or effective release date pursuant to § 2.12(b), and conduct interim hearings pursuant to § 2.14.
>
> (b) If the prisoner is eligible for parole on a new D.C. Code felony sentence that has been aggregated with the prisoner's parole violation term, the Commission shall make a decision to grant or deny parole on the basis of the aggregate sentence, and in accordance with the guidelines at § 2.80.
>
> (c) If the prisoner is eligible for parole on a new D.C. Code felony sentence but the prisoner's parole violation term has not commenced (i.e., the warrant has not been executed), the Commission shall make a single parole/reparole decision by applying the guidelines at § 2.80. The Commission shall establish an appropriate date for the execution of the outstanding warrant in order for the guidelines at § 2.80 to be satisfied. In cases where the execution of the warrant will not result in the aggregation of the new sentence and the parole violation term, the Commission shall make parole and reparole decisions that are consistent with the guidelines at § 2.80.
>
> (d) All reparole hearings shall be conducted according to the procedures set forth in § 2.72, and may be combined with the holding of a revocation hearing if the prisoner's parole has not previously been revoked. If the prisoner is serving a period of imprisonment imposed upon revocation of his parole by the D.C. Board of Parole, the Commission shall consider all available and relevant information concerning the prisoner's conduct while on parole, including any allegations of criminal or administrative violations

> left unresolved by the Board, pursuant to the procedures applicable to initial hearings under § 2.72 and § 2.19(c). The same procedures shall apply in the case of any new information concerning criminal or administrative violations of parole presented to the Commission for the first time following the conclusion of a revocation proceeding that resulted in the revocation of parole and the return of the offender to prison.

Thus, according to subsection (c) the regulations, the Commission should have conducted a combined initial/dispositional revocation hearing at the petitioner's March 1999 hearing, making findings of fact as to parole revocation, forfeiture of street time, and a determination as to the date the violator warrant should be executed, instead of holding an initial parole hearing. Because it did not, then at the time the petitioner's parole revocation hearing was held in 2006, the petitioner had fully served his subsequent 10-year sentence, and subsection (a) would appear to apply. However, the Commission, realizing at the petitioner's 2006 hearing that the regulations had been improperly applied at the petitioner's 1999 hearing, corrected that error by holding a combined initial/dispositional hearing at that time. The petitioner asserts that correcting the 1999 error at his 2006 hearing was improper and that his 2006 hearing should have been held pursuant to subsection (a), which applied at that time.

The language of 28 C.F.R. § 2.81 is absolute and unequivocal.[2] The Commission is required under the regulations to hold its hearings in a certain manner. Thus, when an error is made, the Commission would be required to correct such error. Here, the error was not made in 2006 as the petitioner claims. The error was made in 1999. Thus, the circumstances which occurred in 2006, would not have been present, but for the error made in 1999. In other words, the conditions of subsection (a) would have never been met, had the original error not occurred in 2006.

---

[2] The regulations state that if certain conditions are met, the Commission *shall* perform its review in a specified manner.

Thus, to the extent that the Commission violated its own procedural rules in this case, such violation occurred at the petitioner's hearing in 1999, not at the petitioner's subsequent hearing in 2006, and the petitioner is entitled to relief only to the extent that he is entitled to correction of the error made in 1999. See McBride v. Johnson,118 F.3d 432 (5th Cir. 1997) (where violation of Due Process Clause is found, remand to Commission for correction of violation is appropriate relief); Gambino v. Morris, 134 F.3d 156, 164-165 (3d Cir. 1998) (remand to Commission for correction of procedural errors is appropriate remedy). However, the Commission already made such correction when it reviewed the petitioner's parole status in 2006. Therefore, to the extent that a violation of the Commission's procedural rules occurred in this case, that violation has already been corrected and the petitioner is entitled to no further relief.

**B.   Ground Two - Prejudicial Effect of Misapplication of Guidelines**

In this ground, the petitioner asserts that because the Commission applied the wrong procedures at his June 2006 parole consideration hearing, he did not receive credit for all the time in confinement. Specifically, the petitioner argues that had the Commission applied the appropriate procedures, he would have rated a five and had a reparole guideline range of 60 to 72 months. Moreover, the petitioner asserts that he would have received 124 months credit toward that time by the time he finished his 10-year sentence. In other words, the petitioner asserts that by the time his 1996 sentence was served, he would have been eligible for release from confinement.

In light of the undersigned's finding that the Commission did not violate its rules and regulations at the petitioner's 2006 hearing, the petitioner cannot establish that he was prejudiced by the outcome of that hearing. Thus, this ground is due to be denied.

**C.   Failure to Comply with 18 U.S.C. § 4206**

8

In this ground, the petitioner asserts that the Commission's Notice of Action dated July 14, 2006, stated: "continue for a reconsideration hearing the violator term June 2006 after the service of 36 months from your hearing date of June 19, 2006." The petitioner asserts that such notice failed to comport with the written notice requirements of § 4206 because it is unclear. Thus, the petitioner seeks an order directing the Commission to correct the arbitrary actions of the Commission.

As noted by the respondent, § 4206 does not apply to D.C. Code offenders. See Muhammad v. Mendez, 200 F.Supp.2d 466, 470-71 (M.D.Pa. 2002). Moreover, even if it did, the Commission did give sufficiently particular reasons for its actions. See Resp't Ex. 19 & 20. First, the Commission issued a Corrected Notice of Action on August 1, 2006, correcting the petitioner's reconsideration date from June of 2006 to June of 2009. Resp't Ex. 20. Moreover, both notices show that the Commission evaluated the petitioner's parole status under the applicable guidelines. Resp't Ex. 19 & 20. Such notice has been held to comply with § 4206. See Shahid v. Crawford, 599 F.2d 666, 671-72 (5th Cir. 1979). Accordingly, this ground is without merit and should be denied.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States

9

District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 24, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE